810 So.2d 615 (2002)
Barry Joseph WILSON, Appellant
v.
Josephine Feltus Finley WILSON, Appellee.
No. 2000-CA-00720-COA.
Court of Appeals of Mississippi.
March 12, 2002.
*616 Tim David Blalock, Natchez, attorney for appellant.
John E. Mulhearn Jr., Natchez, attorney for appellee.
Before KING, P.J., THOMAS, and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Barry Joseph Wilson and Josephine Feltus Finley Wilson were divorced in January 2000. Upon the sale of the marital home, Josephine Wilson (Joey) petitioned the Chancery Court of Adams County for a modification of the final judgment. Judge George Ward granted hearing for the modification and ordered a modification in the amount of alimony Joey received from Barry. Barry and Joey now appeal the chancellor's adjustment of periodic alimony. Barry contends that Joey was not entitled to an increase. Conversely, Joey contends that Barry was not entitled to a decrease in his obligation.
¶ 2. In the January 28, 2000 final judgement of divorce, the chancellor ordered that Barry pay the two mortgages on Joey's family homestead. This money was designated as periodic alimony for the benefit of Joey. Joey was to be responsible for the maintenance of the home and surrounding property. In addition to the $1504 house payment, Barry would also pay to Joey $750 as periodic alimony. Barry would pay the notes until Joey decided to sell the home or the youngest child reached majority. At that time, the property would be sold and the proceeds partitioned. During this passage of time Barry would build equity in the home and, with Joey, benefit at the time of sale. Joey decided to sell the home much sooner than anticipated and purchased another home. Her new house payments were $603 per month.
¶ 3. A chancellor's findings of fact will not be disturbed unless the chancellor has committed manifest error, is clearly wrong or had applied an erroneous legal standard. Turpin v. Turpin, 699 So.2d 560, 564 (¶ 14) (Miss.1997); Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss. 1997). In dealing with alimony, the trial court's decisions will not be changed unless it is against the overwhelming weight of the evidence or there has been manifest error. James v. James, 724 So.2d 1098, 1100-01 (¶ 11) (Miss.Ct.App.1998). The amount of alimony is discretionary and the chancellor is uniquely situated to determine the equity of the amount. Id.
¶ 4. The chancellor found in his bench opinion that he maintained jurisdiction regarding the sale of the family homestead and the subsequent need to modify alimony. The chancellor explained that his reasoning for ordering Barry to pay the $1504 mortgage note was that it was very important for Joey to live in that house due to the family history there. He also knew that Joey would not have the money to pay the mortgage and furnish the proper upkeep of the property. Barry could, even though it would be a financial strain for him to pay a third living expense, pay for the homestead's mortgage with his income.
¶ 5. With the sale of the property, the necessity of the $1504 periodic alimony payment in the form of a mortgage payment was eliminated. Chancellor Ward held that this occurrence was a material change in circumstances. Joey no longer felt a need to keep the family home in her possession. This event was the change in circumstances as it extinguished Joey's receipt of $1504 in periodic alimony. In light of that change, the chancellor increased, by $450, Joey's periodic alimony from $750 to $1,225 per month. This $450 increase will pay for more than half of Joey's new *617 house payment of $603 per month. However, in this instance Barry will not be building any equity in this home.
¶ 6. Joey is the party that petitioned for the modification in alimony; therefore, we will not entertain her assertion that the material change she argued in her hearing is no longer present in the current appeal. Her new award of an additional $450 in periodic alimony is not manifest error. Barry's argument that he is barely "keeping his head above water" is difficult to swallow. The reduction of his obligation to Joey by $1054 is substantial and of benefit to him. In addition, Joey's contention that she still needs the $1504 when her bills have been greatly reduced due to the sale of the family home is equally hard to stomach.
¶ 7. Barry earns a substantial salary and is in no danger of becoming destitute due to the obligations he agreed to in his divorce. Joey was found to be a spendthrift by the chancellor in the original divorce. Barry took on a great deal of the marital debt incurred by Joey as part of the settlement. Joey is in no position to complain that she is not receiving a just and proper amount of money as decided by the chancellor. We find that neither party has been wronged by the learned chancellor's decision. We affirm.
¶ 8. THE JUDGMENT OF THE CHANCERY COURT OF ADAMS COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE TO BE SHARED EQUALLY BY APPELLANT AND APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.